744 F.2d 878
 240 U.S.App.D.C. 254
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
National Labor Relations Board, Petitioner
v.
Blevins Popcorn Co., Respondent
 No. 75-1748.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 19, 1984.
 
 Before WRIGHT, TAMM and LEVENTHAL, Circuit Judges.
 
 PER CURIAM
 
 1
 On consideration of the motion of the National Labor Relations Board for summary adjudication in civil contempt and for other civil relief, of the response of Blevins Popcorn Company to the Board's motion, and of the Board's reply to the company's response, the court makes the following findings:
 
 
 2
 I. On January 31, 1977, the court entered its order setting forth that the Board's findings "are supported by substantial evidence," that the Board's order issued June 19, 1975, in 218 NLRB 689, is "free from error," and providing that the Board's "cross-application for enforcement is hereby granted." A copy was duly served on respondent Blevins Popcorn Company. Respondent made no motion to stay the issuance of the court's mandate. In due course, and in accordance with the Rules, this court, on May 4, 1977, entered its judgment enforcing the Board's order.
 
 
 3
 II. Respondent has disobeyed, violated, and failed and refused to comply with the judgment of this court entered on May 4, 1977 by refusing and continuing to refuse, despite repeated requests, to meet and bargain with the union concerning the wages, hours, and working conditions of employees in the unit described in the Board's order issued June 19, 1975, and by refusing and continuing to refuse, despite requests of Board agents, to sign and post copies of the Board's notice in accordance with the provisions of the Board's order.
 
 
 4
 By its conduct respondent has failed and refused to comply with and willfully continues to fail and refuse to comply with the judgment of this court and, therefore, has been, is, and continues to be in civil contempt of this court. Respondent has also failed to apply to a court for a stay of the mandate. Thus respondent in effect has decided to grant itself a stay rather than present the matter to a court for decision. This conduct cannot be permitted or tolerated, consistently with sound judicial administration.
 
 Therefore, it is Ordered by the court:
 
 5
 1. That respondent is summarily adjudged in civil contempt.
 
 
 6
 2. That respondent shall purge itself of civil contempt by:
 
 
 7
 (a) Fully complying with and obeying this court's judgment of May 4, 1977 by, upon request, bargaining collectively in good faith with the union as the exclusive representative of respondent's employees in the appropriate unit, and, if an understanding is reached, embodying such understanding in a signed agreement, provided, however, that such agreement may be made subject to termination should the United States Supreme Court ultimately decide that respondent was not obligated to recognize and bargain with the union.
 
 
 8
 (b) Proceeding with the officials of the union to set an initial meeting date, not to exceed ten days from entry of this order, and thereafter proceeding to bargain upon consecutive days during regular business hours until all contract proposals on mandatory and lawful subjects have been considered and actions taken in relation thereto.
 
 
 9
 (c) Immediately posting in conspicuous places, including all places where notices to employees are customarily posted, for a period of sixty (60) consecutive days, an appropriate notice, in the form prescribed by the Board, signed by respondent's president, which states that respondent has been adjudicated in civil contempt of court for disobeying and failing and refusing to comply with the judgment of this court and that it will take the action in purgation ordered by the court, a copy of the purgation order being posted therewith, and by maintaining such notices in clearly legible condition throughout such posting period, and assuring that they are not altered, defaced, or covered by any other material.
 
 
 10
 (d) Filing a sworn statement with the clerk of this court and mailing a copy thereof to the Director of the Board's Fourteenth Region within ten (10) days after entry of the order of adjudication, and again at the end of the posting period, showing what steps respondent has taken to comply with this court's directions, and making such further reports as this court may require.
 
 
 11
 (e) Reimbursing the Board for all fees and all costs and expenditures, including attorneys' salaries, incurred by the Board in the investigation, preparation, presentation, and final disposition of this proceeding.
 
 
 12
 3. That in order to assure against further violations of this court's judgment, this court assesses against respondent a prospective fine in the amount of one hundred dollars ($100.00) per day if compliance with this order has not been commenced within seven (7) days of the date of this order.
 
 
 13
 On further motion by the Board the court will take such other and further action and grant such other relief as appears just, reasonable, and necessary at that time.